## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

**BRANDON DUGAN**                                    **CIVIL ACTION NO. _____**

**VERSUS**

**JUDGE _____**

**BECKET BREAUX, IN HIS CAPACITY**
**AS SHERIFF OF ST. MARTIN PARISH**
**SHERIFF'S DEPARTMENT,**
**AND MATHIEW ALEXANDER, III        MAGISTRATE_____**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Brandon Dugan, a single individual of the full age of majority domiciled and residing in Lafayette Parish, State of Louisiana, who respectfully represents that:

1.

Made defendants herein are:

a)    Becket Breaux, in his capacity as Sheriff of St. Martin Parish Sheriff's Department, (sometimes referred to herein as "*SMPSD*") which department is a governmental entity and political subdivision organized and existing under the laws of the State of Louisiana; and

b)    Mathiew Alexander, III, (sometimes referred to as "*Alexander*") an individual of the full age of majority believed to be domiciled and residing in St. Martin Parish, Louisiana, and a deputy employed by the St. Martin Parish Sheriff's Department during all relevant times complained of herein.

2.

The defendant, Becket Breaux, in his capacity as Sheriff for the St. Martin Parish Sheriff's Department not only issues but is mandated to implement rules, regulations, training, enforcement and policies, including the proper use of K-9 police dogs.  This suit against SMPSD, and its employee, and the claims asserted in this action, are proper pursuant to Article 12 Section 10 of the Constitution of the State of Louisiana which grants an exception to political subdivisions immunity to suit.

3.

Defendant Becket is charged with training the deputies it employes, such as defendant Alexander, so they do not use harmful and excessive force when dealing with citizens they may come into contact with, even in an investigational setting. That training includes a proper training on the use of K-9 police dogs and under what circumstances the K-9 police dogs should be unleased on citizens and/or individuals who are under investigation in a traffic stop.

4.

On March 24, 2022 Complainant was a guest passenger in a vehicle which was stopped by patrol deputies of the SMPSD.  Defendant Alexander was among the responding deputies to the scene.  The driver of the stopped vehicle was a Mr.

Patrick Ortego, a person whom Complainant had only recently met on or about March 24, 2022.

5.

While the SMPSD Parish deputies were investigating the stop, they requested Complainant to exit the vehicle where he was searched for weapons and contraband; none were on his person. Complainant was also placed in handcuffs behind his back, presumably for the officer's safety, and he was instructed to sit on the curb.

6.

Complainant, who suffers from a compromised back, struggled to sit on the curb, and defendant Alexander was aware of Complainant's physical limitations and his statement of having a bad-back.

7.

It is alleged that, after Complainant was instructed to get out of the vehicle he was a guest passenger in, the deputies did a background check on their system, and would have seen that Complainant had no history of violent behavior.

8.

It is alleged that, at the time of the stop on March 24, 2022, there were no indications that the driver, or your Complainant, had been involved in any type of reported crime, and certainly neither party was combative or difficult during the

stop; to the contrary, both Mr. Ortego and Complainant were fully cooperative with all of the deputies and their directives.

9.

It is alleged that, during the investigative process, Complainant became afraid of being wrongfully accused of being involved in criminal activities, as he was on parole for burglary.  Your Complainant, driven by his fear of going back to jail, did flee the area on foot from where he was being detained.  However, Complainant's hands were cuffed behind his back which should have been an indicator to defendant Alexander that the probability of Complainant getting very far up was very low.  Defendant Alexander gave chase, with the aid of a K-9 police dog, and commanded Complainant to stop while in pursuit.  Complainant did initially keep running, albeit not too fast given his bad-back and his hands being handcuffed behind him, but rather than considering the true likelihood of escape being low and just catching up to Complainant, defendant Alexander chose to release the K-9 police dog so it could attack Complainant.  Complainant alleges that he was not running when the K-9 police dog was unleashed upon him; he had dropped to his knees before the K-9 police dog attacked him.  The K-9 police dog bit complainant in multiple areas of his lower buttock and his left leg.  The K-9 police dog finally gripped Petitioner's left calf and maintained its clamped jaw on Complainant's left calf until instructed to release.

10.

It is alleged that defendant Alexander failed to not extricate the dog from Complainant's immediately upon Complainant surrender.

11.

It is alleged that it was excessive to release a K-9 police dog upon Complainant when the officer who was chasing him, defendant Alexander, knew full-well that complainant possessed no weapons, that he posed no true risk of flight or risk of injuring to another due to his hands being hand-cuffed behind him, and that there was no reported crime which had occurred to lead defendant Alexander to opine that Complainant had any history of aggression.

12.

Defendant Alexander, individually and on behalf of SMPSD, violated the well-settled federal constitutional rights of Complainant, specifically, those provided for under the Fourth Amendment which forbids cruel and unusual punishment.

13.

Complainant asserts claims against defendant Becket as Sheriff for St. Martin Parish Sheriff's, and Deputy Alexander for damages and for the violations and injuries set forth below under 42 U.S.C. § 1983. In particular, Complainant alleges that Defendant Alexander of the SMPSD utilized excessive force upon the

person of Complainant when he intentionally and deliberately released a K-9 police dog upon the person of your Complainant when it was unnecessary to do so, considering when Complainant was already restrained with handcuffs, defendant Alexander knew Complainant possessed no weapon person, defendant Alexander knew Complainant could not reasonably get away from a well-trained officer, especially considering there were no people visibly around the area he was detained and where he was running.  In fact, the area where Complainant was attacked by the K-9 police was right next to a graveyard.

14.

Complainant alleges that the use of excessive force of the K-9 police dog violated his rights under the Fourth Amendment to the United States Constitution.

15.

Complainant injuries are not insignificant.  The calf of left Complainant's leg, as a result of the K-9 police dog's jaw and teeth clamping down into his leg muscles, is now significantly deformed, and he is suffering from substantial nerve damage in his left leg resulting in an inability to stand for any extended period of time.  This injury will effect him for the remainder of his life, and will harm his ability to earn a living, as he had been doing as a cook offshore when he was detained.  It is alleged that Complainant's injuries were the direct result of the excessive use of force used to apprehend Complainant who possessed no weapon,

and had fled from a traffic stop, was not based upon any third-party complaints of a crime being committed, but rather a traffic stop based upon a hunch by the patrol officer who claimed the driver, Mr. Ortego, appeared to avoid looking at the officer as he passed by his vehicle.

16.

It is alleged that Complainant was handcuffed and thereby unable to run as fast as he could, climb fences, negotiate doors, etc. In other words, defendant Alexander, as the apprehending officer should have either caught complainant himself or let him go, as the officer reasonably knew the K-9 police dog was going to bite and potentially permanently injure him, as is the case.

17.

At all times material to this Complaint, defendant Alexander was acting on behalf of SMPSD and acted under the color of the statutes, customs, ordinances and usages of the SMPSD. It is also alleged that neither defendant Becket or Alexander are entitled to qualified immunity for their respective roles in this matter, defendant Becket for issuing rules which abrogate Complainant's rights to be free from excessive force, and defendant Alexander for carrying them out.

18.

In addition to the causes of actions set forth above, Complainant asserts causes of action against defendant Becket pursuant to the laws of the State of

Louisiana, including Civil Code Articles 2315 and 2317 arising from the facts alleged above including but not limited to failure to properly train Defendant Alexander, failure to properly supervise Defendant Alexander, vicarious liability for the acts and omissions of defendant Alexander under the doctrine of Respondent Superior and Civil Code Article 2317, and any and all other acts or admissions which constitute actionable injury, including negligence, intentional negligence and negligence per say under Louisiana law. Defendant Alexander is liable to Complainant.

19.

As a proximate result of the acts and commissions of the named defendants, Complaint has been damaged in the following non-exclusive manners:

    a)     Past, and future pain and suffering;

    b)     Past, and future mental anguish;

    c)     Permanent disfigurement;

    d)     Past and future loss of enjoyment of life;

    e)     Expenses and attorney fees

    f)     Compensatory damages; and

    g)     Punitive damages against the party defendants.

20.

Complainant brings this claim for damages to preserve his legal rights and interrupt any prescriptive period.

21.

Complainant requests a trial by jury on all issues contained in his Complainant for Damages.

WHEREFORE, complainant, Brandon Dugan, prays that the defendants, Becket Breaux, in his capacity as Sheriff of St. Martin Sheriff Parish, and Mathiew Alexander, III, be served with a certified copy of this petition, be duly cited to appear and answer same, and after all due proceedings had, that there be judgment entered in favor of complainant, Brandon Dugan, for all relief which a jury deems appropriate under the premises, including for all special and general damages, court costs, and any and all other relief in any form in law and/or equity to which she may be entitled.

AND FOR ANY AND ALL EQUITABLE RELIEF.

Respectfully submitted,

Randy M. Guidry #26909
DURIO, MCGOFFIN, STAGG &
GUIDRY
220 Heymann Boulevard
Post Office Box 51308
Lafayette, Louisiana 70505
(337) 233-0300 (Telephone)
(337) 233-0694 (Telefacsimile)

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

**BRANDON DUGAN**                                    **CIVIL ACTION NO. _____**

**VERSUS**

                                                     **JUDGE _____**

**BECKET BREAUX, IN HIS CAPACITY**
**AS SHERIFF OF ST. MARTIN PARISH**
**DEPARTMENT AND MATHIEW**
**ALEXANDER, III**                                   **MAGISTRATE_____**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF LAFAYETTE**

BEFORE ME, the undersigned authority, personally came and appeared:

## BRANDON DUGAN

who upon being duly sworn, did depose and say that he is the complainant in the

above-entitled Complaint for Damages and that all of the allegations contained

therein are true and correct to the best of his knowledge.

_____
BRANDON DUGAN

SWORN TO AND SUBSCRIBED before me this 21st day of

March , 2023.

_____
NOTARY PUBLIC

N:\Data\Randy Client Files\Dugan, Brandon\St. Martin Parish Sheriff\Pleadings